1
2
3
4
UNITED STATES DISTRICT COURT
5
NORTHERN DISTRICT OF CALIFORNIA
6
7   ANTONIO CORTEZ BUCKLEY,                    Case No.  13-cv-01140-JST (PR)
         Plaintiff,
8
     v.                                        **ORDER OF PARTIAL DISMISSAL AND**
9                                              **OF SERVICE**
10  D. RAMOS, et al.,
         Defendants.
11

12

13

14          Plaintiff, an inmate at Salinas Valley State Prison ("SVSP"), filed this pro se civil rights

15  action under 42 U.S.C. § 1983.  Plaintiff has been granted leave to proceed in forma pauperis in a

16  separate order.

17                                      **DISCUSSION**

18  A.      Standard of Review

19          A federal court must conduct a preliminary screening in any case in which a prisoner seeks

20  redress from a governmental entity or officer or employee of a governmental entity.  See 28

21  U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any

22  claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

23  monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1),

24  (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police

25  Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

26          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

27  claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

28  statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon

United States District Court
Northern District of California

1   which it rests.' " Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although

2   in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

3   obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and

4   conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

5   Factual allegations must be enough to raise a right to relief above the speculative level." Bell

6   Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint

7   must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

8         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

9   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

10  the alleged violation was committed by a person acting under the color of state law. See West v.

11  Atkins, 487 U.S. 42, 48 (1988).

12  B.    Legal Claims

13        Plaintiff alleges that, on March 8, 2011, defendant Ramos issued plaintiff a false

14  disciplinary rules violation report ("RVR") charging plaintiff with refusing an order to go to

15  mental health treatment.  Plaintiff alleges that at the RVR hearing, which took place on March 29,

16  2011, defendants Ramos and Bonilla gave false testimony against plaintiff.  Plaintiff also alleges

17  that the Senior Hearing Officer, defendant Parin, refused plaintiff's request to call a witness and

18  arbitrarily found plaintiff guilty of the false charges.  Such allegations, if true, may implicate

19  plaintiff's right to due process.  Wolff v. McDonnell, 418 U.S. 539, 564-70 (1974).

20        Plaintiff also alleges that defendants Hatton and Hedrick, on an unspecified date, arbitrarily

21  concurred with Parin's finding and signed the false RVR.  Plaintiff alleges that defendants Mojica,

22  Solis, Tileston, and Foston later denied plaintiff's appeals of the disciplinary finding.  Plaintiff

23  alleges that he was not guilty of the charges and that the disciplinary findings are false.  These

24  allegations, even if true, do not raise a constitutional claim because the fact that a prisoner may

25  have been innocent of the charges does not raise a due process issue.  The Constitution demands

26  that a prisoner receive a variety of procedural protections guaranteed by due process, but not error-

27  free decision-making.  See Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v.

28  Hankins, 720 F.2d 863, 868 (5th Cir. 1983).  It is conceivable, however, that defendants Hatton,

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    Hedrick, Mojica, Solis, Tileston, and Foston could be held liable for any such due process

2    violations by approving Parin's findings.  Accordingly, when liberally construed, plaintiff's

3    complaint states a cognizable due process claim against defendants Hatton, Hedrick, Mojica, Solis,

4    Tileston, and Foston.

5          In addition to the due process claim, the complaint alleges that various SVSP prison

6    officials and correctional officers conspired to have plaintiff murdered when they refused to keep

7    confidential plaintiff's reporting of threats by another inmate.  Such claim is not properly joined

8    with the due process claim.  Federal Rule of Civil Procedure 20(a) provides that multiple parties

9    may be joined as defendants in one action only "if any right to relief is asserted against them

10   jointly, severally, or in the alternative with respect to or arising out of the same transaction,

11   occurrence, or series of transactions or occurrences; and any question of law or fact common to all

12   defendants will arise in the action."  The conspiracy claim does not arise out of the same

13   transaction, occurrence, or series of transactions or occurrences as those that form the basis for the

14   due process claim, and does not present questions of law or fact common to all defendants in the

15   due process claim.  The conspiracy claim therefore is dismissed without prejudice to plaintiff

16   alleging it in a separate action.

17                                  **CONCLUSION**

18         For the foregoing reasons,

19         1.    The claims described above against defendants Ramos, Bonilla, Parin, Hatton,

20   Hedrick, Mojica, Solis, Tileston, and Foston are, when liberally construed, cognizable.  The

21   remainder of plaintiff's claims are DISMISSED.

22         2.    The Clerk shall issue summons and the United States Marshal shall serve, without

23   prepayment of fees, a copy of the complaint in this matter with all attachments thereto and a copy

24   of this order upon defendants:  (a) D. Ramos, Doctor Bonilla, R. Parin, S. Hatton, B. Hedrick, R.

25   Mojica, and A. Solis at Salinas Valley State Prison; and (b) C. Tileston and D. Foston at the

26   California Department of Corrections and Rehabilitation.  A courtesy copy of the complaint with

27   its attachments and this order shall also be mailed to the California Attorney General's Office.

28         3.    In order to expedite the resolution of this case, the Court orders as follows:

3

a.      No later than **90 days** from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due.  A motion for summary judgment also must be accompanied by a <u>Rand</u> notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  <u>Woods v. Carey</u>, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a <u>Wyatt</u> notice. <u>Stratton v. Buck</u>, 697 F.3d 1004, 1008 (9th Cir. 2012).

b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

c.      Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

4.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The Rand and Wyatt notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  Woods, 684 F.3d at 939).

5.      All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until a defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7.      Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8.      Any motion for an extension of time must be filed no later than the deadline sought

5

to be extended and must be accompanied by a showing of good cause.

9.      Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED**.

Dated:  May 29, 2013

_____
JON S. TIGAR
United States District Judge